# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DREAMSITE PRODUCTIONS OF LOUISIANA, INC.,**<br>              **Plaintiff**<br><br>**v.**<br><br>**TGC, LLC d/b/a THE GOLF CHANNEL and NBCUNIVERSAL MEDIA, LLC,**<br>              **Defendants** | **CASE ACTION NO.:**<br><br>**DIVISION " "**<br>**JUDGE**<br><br>**SECTION " "**<br>**MAGISTRATE JUDGE** |

## COMPLAINT

Plaintiff Dreamsite Productions of Louisiana, Inc. submits this Complaint against Defendants TGC, LLC d/b/a The Golf Channel and NBCUniversal Media, LLC d/b/a NBCUniversal.

## PARTIES

1.     Plaintiff Dreamsite Productions of Louisiana, Inc. ("Dreamsite") is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

2.     Dreamsite is the owner of all intellectual property rights relating to the fictional character "Mr. Bill" (pictured to the right), who was created by New Orleans native Walter Williams. A significant aspect of Dreamsite's business is the merchandising and licensing of those intellectual property rights.



3.     Defendant TGC, LLC (the "Golf Channel") is a Delaware limited liability company with its principal place of business in Orlando, Florida. Upon information and belief, the Golf Channel cable network is available in millions of homes worldwide and regularly derives income from Louisiana residents from, among other things, subscriptions to cable, satellite, and wireless companies, as well as social media sites, such as Facebook, Instagram and Twitter.  In addition, Golf Channel, through its website, sells merchandise direct to consumers, which include Louisiana residents.

4.     Defendant NBCUniversal Media, LLC ("NBCUniversal") is a Delaware limited liability company with its principal place of business in New York, New York.   Upon information and belief, NBCUniversal is the sole owner of the Golf Channel. The Golf Channel's logo incorporates NBC's famous "peacock logo" as seen in the image to the right.



## JURISDICTION AND VENUE

5.     This is an action for federal copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., and for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1051 et seq.

6.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1338.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF'S INTELLECTUAL PROPERTY

8.     In 1974, Walter Williams ("Mr. Williams") created the fictional character "Mr. Bill" (the "Mr. Bill Character") and since his 1975 debut on Saturday Night Live more than four

decades ago, Mr. Bill has appeared in over 25 SNL episodes as well as in numerous creative works and has become a pop culture icon. A New York Post poll selected Mr. Bill as one of the 50 "Most Influential Characters" from TV and a 2014 Entertainment Weekly viewer poll voted him "Funniest Recurring SNL Character." The popularity of the Mr. Bill Character has created a lucrative market for Mr. Bill licensed products and multiple six figure endorsement deals from major corporations such as Mastercard, Subway, Lexus, Burger King, Pizza Hut, Ramada Inn, Wonderful Pistachios, Pringles and others.

9.     Dreamsite oversees the manufacture, licensing, promotion and sales of consumer products related to the Mr. Bill Character. Dreamsite also maintains creative control of all media productions featuring the Mr. Bill Character. A significant source of revenue for Dreamsite is the merchandising and licensing of distinctive elements of the Mr. Bill Character.

10.     The revenue from products using the Mr. Bill Character is significant. The appearance and other features, such as the catch phrase "OHHH NOOOO!!!", are inherently distinctive and serve to identify Dreamsite as the source of products bearing the Mr. Bill Character. The design, configuration, and distinctive features of the Mr. Bill Character and related copyrighted works (the "Mr. Bill Copyrighted Designs") are wholly original with Dreamsite and, as fixed in various tangible media including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C. § 101, et seq. Dreamsite is the owner of the Mr. Bill Copyrighted Designs and, as featured on and in connection with various merchandise, these works constitute copyrightable subject matter under the Copyright Act.

11.     Dreamsite, and its predecessors in interest, have complied in all respects with the laws governing copyright and have secured the exclusive rights and privileges in and to the

copyrights to the Mr. Bill Copyrighted Designs.  Dreamsite owns one or more certificates of registration for works in which each of the Mr. Bill Copyrighted Designs appear, including U.S. Copyright Registration No. VA 38-720 for the sculpture embodying the Mr. Bill Character (the "Mr. Bill Sculpture Copyright").

12.     Dreamsite and those acting under its authority have complied with their obligations under the copyright laws, and Dreamsite, in its own right or as successor-in-interest, at all times has been and still is the sole proprietor or otherwise authorized to enforce all right, title, and interest in and to the copyrights in each of the Mr. Bill Copyrighted Designs.

13.     Dreamsite is the owner of famous marks which serve to distinguish products related to the Mr. Bill Character (the "Mr. Bill Trademarks"), including U.S. Trademark Registration No. 2494658 for the composite mark MR. BILL (the "MR. BILL Registered Mark").  Some of the Mr. Bill Trademarks have been used continuously for more than four decades.  Dreamsite and its predecessors in interest invested significantly to develop and maintain the considerable goodwill and the reputation for high quality enjoyed by the Mr. Bill Trademarks.

14.     The Mr. Bill Trademarks are all valid, extant and in full force and effect.  The Mr. Bill Trademarks are all exclusively owned by Dreamsite.  Dreamsite and its predecessors in interest have continuously used the Mr. Bill Trademarks for decades and at all times relevant to the claims alleged in this Complaint.

15.     As a result of advertising and sales, together with longstanding consumer acceptance, the Mr. Bill Trademarks identify authentic Mr. Bill products and authorized sales of those products.  The Mr. Bill Trademarks have acquired secondary meaning in the minds of

consumers throughout the United States.  The Mr. Bill Character, Mr. Bill Copyrighted Designs, and Mr. Bill Trademarks are collectively referred to herein as Mr. Bill Properties.

## DEFENDANTS' INFRINGING CONDUCT

16.     In or about August of 2019, the Golf Channel produced a video prominently featuring Mr. Bill Properties (the "Video").  The Golf Channel exhibited and distributed the Video on the Golf Channel website, as wells as the Facebook, Instagram, Twitter and other social media accounts of the Golf Channel, as seen in the Google search results below.





17.     Dreamsite did not consent to, authorize, permit, or allow in any way the use of the Mr. Bill Properties in the Video.

18.     Dreamsite became aware of the infringement when a business associate displayed the infringing video on his phone and asked, "Does NBC own Mr. Bill?"

19.     Golf Channel's unauthorized use of the Mr. Bill Trademarks in connection with the Video, as alleged above, was intentionally done with a view toward, and the purpose of, trading on and benefiting from the substantial reputation and goodwill in the United States associated with the Mr. Bill Trademarks.

20.     Indeed, the Golf Channel had such regard for the popularity, recognizability, and promotional value of the Mr. Bill Properties that it went through the trouble and expense of producing the Video, including creating a close Mr. Bill facsimile sculpture, and even featured the Video prominently on the front page of its website.

21.     Upon information and belief, NBCUniversal possessed the right and ability to supervise and prevent the Golf Channel's unauthorized use of the Mr. Bill Properties, NBCUniversal had a direct financial interest in the Golf Channel's unauthorized use of the Mr. Bill Properties.

22.     Defendants' unauthorized use of the Mr. Bill Properties is particularly egregious, because NBCUniversal has previously infringed Mr. Bill Properties in the past.  Indeed, on multiple occasions dating back to as early as 1980, NBCUniversal and its predecessors in interest have acknowledged in writing that it owns no rights, title, or interest whatsoever in the Mr. Bill Properties.

23.     Nevertheless, for nearly four decades, NBCUniversal and its predecessors in interest have continued to treat the Mr. Bill Properties as the property of NBCUniversal with

complete disregard for Dreamsite's property rights.  Moreover, NBCUniversal's behavior has allowed and even encouraged its subsidiaries and affiliates to similarly disregard Dreamsite's rights in and to the Mr. Bill Properties for their own financial gain.

24.     Rather than properly license the Mr. Bill Properties and hire Dreamsite to produce Mr. Bill-related content, NBCUniversal and its subsidiaries and affiliates choose to save money by producing unauthorized content on their own with no concern for the quality, unique character, and public image of the Mr. Bill Properties.

25.     As a result of NBCUniversal's failure to police its various subsidiaries' and affiliates' repeated unauthorized use of the Mr. Bill Properties, Dreamsite has been forced to continually police such unauthorized use of the Mr. Bill Properties at great expense of time and money.

## COUNT I – All Defendants

### (Federal Copyright Infringement Under 17 U.S.C. §§ 106, et seq.)

26.     Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 25 as if set forth fully herein.

27.     Dreamsite is the sole owner of the copyright in the Mr. Bill Sculpture, which is the subject of U.S. Copyright Registration No. VA 38-720.

28.     Upon information and belief, Defendants have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed the Mr. Bill Sculpture or derivatives of the Mr. Bill Sculpture without Dreamsite's consent. Defendants' acts violate Dreamsite's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Dreamsite's exclusive rights to produce, reproduce, and distribute copies of the Mr. Bill Sculpture, to create derivative works, and to publicly display the works.

29.     NBCUniversal's infringement has been undertaken knowingly, and with intent to financially gain from Dreamsite's protected copyrighted work.  NBCUniversal has failed to exercise its right and ability to supervise persons within its control to prevent infringement, and NBCUniversal did so with intent to further its financial interest in the infringement of Dreamsite's protected copyrighted work.    Accordingly, NBCUniversal has directly, contributorily, and vicariously infringed Dreamsite's protected copyrighted work.

30.     Because of Defendants' infringing acts, Dreamsite has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in the copyrighted work.

31.     Further irreparable harm to Dreamsite is imminent as a result of Defendants' conduct, and Dreamsite is without an adequate remedy at law. Dreamsite is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

### COUNT II – Golf Channel
### (Federal Trademark Infringement Under 15 U.S.C. § 1125)

32.     Dreamsite repeats and reasserts the allegations set forth in paragraphs 1 to 31 as if set forth fully herein.

33.     This Count, arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), is for federal trademark infringement.

34.     The Mr. Bill Trademarks are uniquely associated with Dreamsite, and identify Dreamsite's goods and services to the public.

35.     Defendant Golf Channel's unauthorized use of Mr. Bill Trademarks in the Video, including identifying the character in the Video as "Mr. Bill from Saturday Night Live," constitutes trademark infringement, unfair competition, and false designations of origin as to the

Video exhibited and distributed by the Golf Channel and comprise false and misleading representations.

36.     As a direct and proximate result of the Golf Channel's infringement, false designations of origin and false and misleading representations, Dreamsite has been damaged, and unless the Golf Channel is restrained by this Court, Dreamsite will continue to suffer serious, irreparable injury.

37.     Dreamsite is entitled to recover from the Golf Channel all damages sustained as a result of its acts. Dreamsite is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

38.     Because Golf Channel's conduct was intentional, and Dreamsite is entitled to an award of treble damages against Golf Channel.

39.     Golf Channel's acts make this an exceptional case, warranting an award of attorney fees and costs.

## COUNT III – Golf Channel
### (Infringement of Federally Registered Trademark under 15 U.S.C. § 1114)

40.     Dreamsite repeats and reasserts the allegations set forth in paragraphs 1 to 39 as if set forth fully herein.

41.     Golf Channel's unauthorized use of confusingly similar imitations of the MR. BILL Registered Mark in connection with the Video, including identifying the character in the Video as "Mr. Bill from Saturday Night Live," is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such services. The consuming public is likely to believe that Golf Channel's Video is somehow affiliated with, associated with, or authorized by Dreamsite, when such is not the case.

42.     By its unauthorized use of confusingly similar imitations of the MR. BILL Registered Mark in connection with the Video, Golf Channel has infringed the MR. BILL Registered Mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     Golf Channel's unauthorized use of the confusingly similar imitations of the MR. BILL Registered Mark in connection with the Video, as alleged above, was intentionally done with a view toward, and the purpose of, trading on and benefiting from the substantial reputation and goodwill in the United States associated with the MR. BILL Registered Mark.

44.     Golf Channel's acts of trademark infringement, as alleged herein, have injured Dreamsite in that Dreamsite has suffered damages to its reputation and customer goodwill as a direct and proximate result of Golf Channel's illegal conduct.  In addition, Golf Channel has been unjustly enriched by reason of its trademark infringement in that it has achieved profits, and the opportunity to earn future profits, as a direct and proximate results of its illegal conduct.

45.     Golf Channel's trademark infringement as alleged herein has caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Dreamsite's business, reputation, and goodwill, unless Golf Channel's unlawful conduct is enjoined by this Court.

46.     Dreamsite is entitled to recover all damages sustained by the Golf Channel's actions, all profits realized by the Golf Channel through its infringing use of confusingly similar imitations of the MR. BILL Registered Mark in connection with the Video, and the costs of this action.

47.     Golf Channel's actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C. § 1117(a)), entitling Dreamsite to recover treble damages and/or profits and an award of reasonable attorneys' fees against Golf Channel.

## COUNT IV – Golf Channel
### (Injury to Business Reputation and Trademark Dilution under La. R.S. § 51:223.1)

48.     Dreamsite repeats and reasserts the allegations set forth in paragraphs 1 to 47 as if set forth fully herein.

49.     This Count, arising under LA. REV. STAT. § 51:223.1, is for injury to business reputation, and trademark dilution.

50.     Golf Channel's use of the confusingly similar marks in the Video, including identifying the character in the Video as "Mr. Bill from Saturday Night Live," has injured, or is likely to injure, Dreamsite's business reputation, and has diluted, or will dilute, the distinctive character of the Mr. Bill Trademarks, through blurring and/or tarnishment. Unless enjoined, Golf Channel's conduct will cause Dreamsite further irreparable harm, and Dreamsite is entitled to injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dreamsite Productions of Louisiana, Inc. prays that this Court enter judgment in its favor against Defendants:

A.     Enjoining Defendants from further use of the Video;

B.     Requiring Defendants to destroy the infringing Video;

C.     Requiring Defendants to pay Plaintiff actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiff's election;

D.     Requiring Defendants to pay Plaintiff's costs of this action and reasonable attorneys' fees; and

E.     Awarding to Plaintiff all other and further relief as the Court may deem just and proper under the circumstances.

DATED this 14th day of November, 2019.

Respectfully submitted,

 /s/ Richard T. Sahuc
Gregory D. Latham, LA Bar No. 25955
Richard T. Sahuc, LA Bar No. 29668
INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet Street, Suite B
New Orleans, LA 70130
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
glatham@iplawconsulting.com
rsahuc@iplawconsulting.com

*Attorneys for Dreamsite Productions of
Louisiana, Inc..*